Mr. Chief Justice Sharkey
delivered the opinion of the court.
This suit was brought on a guardian’s bond, and the questions to be decided arise out of the pleadings.
A demurrer was sustained to the plaintiff’s replication to the third plea, which plea is, that there was no judgment or decree of the probate court, directing Walker, the guardian, to pay and deliver to the present guardian the property and effects of the minor, nor had the present guardian demanded the same.
The replication is, that the guardian had removed to Texas, beyond the jurisdiction of the court.
To the replication to the fourth plea, a demurrer was also sustained. In this plea, it is averred that there was no order of court, establishing or declaring the liability of Walker for a breach of the condition of the bond. The same matter was also replied to this as to the third plea.
The defendant’s demurrer was sustained to the eighth assignment of the plaintiff, which is, that Walker had failed to discharge his duty, according to law. This breach was too general and objectionable on that account.
*463 The sufficiency of the subject-matter of the third and fourth pleas as a bar to the action, are the only questions for consideration. Those questions are, Can an action be sustained on a guardian’s bond against the sureties for the failure of the guardian to deliver the property, without an order of the probate court directing such delivery? and, Can such action be sustained without a decree of the probate court, establishing the amount ,of the indebtedness of the guardian?
We can feel no doubt about the propriety of responding to both these questions in the affirmative. This seems to be the inevitable conclusion from the bond itself.
The first clause of the condition is in these words : “ That if the said John H. Walker, as guardian, &c., shall faithfully account with the probate court, &c., as directed by law, for the management of the property and estate of the orphan under his care,” &c. The second is, “And shall also deliver up said property agreeably to the order of said court, or the directions of law, and shall, in all respects, perform the duties of guardian, according to law,” &c. It is thus clear that the undertaking was to perform the duties required by law, and every departure from the duties prescribed by law is a breach of the condition of the bond. The undertaking was to perform the decrees "of the law, as well as the decrees of the court. Most clearly, by the very words of the statute, a breach may occur which will authorize a suit on the bond without any order of the court. By the seventh section of the act, (H. & H. Dig. 337,) it is the duty of the guardian to return an inventory within three months, and to exhibit every year an account of the income of the ward; and the same section declares, that for a failure to do so, his bond may be put in suit. No decree of the court can be necessary to confer the right to sue for a violation of this section. The law gives the right. The court could make no decree ; it could only say that the guardian had not rendered an inventory, or had not accounted. A decree can be necessary for no other purpose than as proof of the breach, but what would such a judgment prove? Nothing material. Let us suppose a suit brought on a guardian’s bond for a failure to render an account, and a record from the *464 probate court introduced, stating his failure in this respect. The plaintiff could recover but nominal damages, and this he could do without such proof. To entitle himself to actual damages,, he must show the extent! of the injury by other means, precisely as he would prove the breach of the condition of any other bond. Then why is it necessary to show that the probate court has adjudged a failure to account, when such adjudication avails nothing? There can be no use in requiring the previous action of the probate court, unless something is settled by it which will-authorize a recovery. Suppose, again, a suit were brought for a failure to return an inventory; the determination of the probate court, that no inventory had been returned-, would give no- right of action. . Other proof would be necessary to show what property the guardian .had received. It would not follow from such an order that the guardian had received any property; and, without further proof, nothing more than nominal damages could be recovered.
But the argument is, that the statute places guardian’s bonds on a footing in all respects with the bonds of executors and administrators ; and as a decree of the probate court is necessary before the sureties of an executor or administrator can be sued, so it naust be necessary before the surety in a guardian’s bond can be sued, and the case of Green’s Adm’r v. Tunstall, 5 How, 638, has been relied on. That case only decides that the sureties of an administrator can only be sued on the bond after proper steps have been taken to fix the liability of the administrator. The decision was made op the authority of adjudged cases in other states. Whether the doctrine announced is applicable to every breach of an administrator’s bond, may be, perhaps, a matter worthy of great consideration. In many cases it is probably correct. In South Carolina it is held, that the probate court must settle the amount due before a suit can be brought on the bond. This doctrine seems to be based on the. language of the bond.
In Virginia it is said there must be a decree of the probate court, fixing the amount due, because the administrator cannot be drawn into a court which has jurisdiction of the bond to settle *465 his administration accounts, and that the sureties are only liable for a devastavit, which must be established by a suit against the administrator, before resort can be had to the bond. This doctrine was first announced in Braxton v. Winslow et al., 1 Wash. R. 31. It was afterwards very much questioned, but finally settled in Gordon v. The Justices of Frederick, 1 Munf. 1, where it was lengthily considered by Judge Tucker. .But this is not the common law remedy; there was no such bond required by the common law. Admitting it to be correct, however, it has been held not to apply to á guardian’s bond, even in Virginia. Call v. Ruffin, 1 Call’s R. 289, where the point .was pressed on the court, but if was determined that the reasons which make a previous suit necessary as to administrators, do not apply in the case of guardians.
The third plea seems to have been drawn in view of the sixth section of the statute, which declares that on the guardian’s executing such bond, the court may order the property of the ward to be delivered to him, and on failure of any administrator or former guardian to comply with such order, his bond may be put in suit. It does not follow from this that such an order must precede the right of action. When a guardian is appointed, and has executed bond, the law confers on him the right to the possession of the property, even without an order for its delivery, and it imposes on the former guardian the duty of delivering to the party rightfully entitled to the possession. This being a duty imposed by law, to neglect it is a breach of the condition. The statute, in saying that his bond may be put in suit for .a violation of the order, cannot be construed as a limitation of right, for surely the guardian might sue .for the property also.
But if we could incline to hold it necessary that an order of the probate court must precede the right to sue, we should still incline to hold that a sufficient order has been averred in the declaration. The averment is, “that the said writing obligatory was, at the April term, 1845, of said probate court, to wit, on the 29th day of April, 1845, declared by said court forfeited, and ordered to be put in suit,” &c. Doubtless, such an order as this is full authority for putting the bond in suit,, if such order were *466 necessary. But, for the reasons before given, we think the third and fourth pleas were defective.
The judgment must be reversed, and the cause remanded.